# VELATI v. DANTE.

LANDLORD AND TENANT; LIFE TENANCY; TRUSTS AND TRUSTEES; TENANCY
BY SUFFERANCE.

1. Under sections 492 and 498, D. C. Code, [31 Stat. at L. 1267, 1268,
chap. 854] providing respectively that no estate for a longer term
than one year in any real property in the District of Columbia shall
be created or take effect except by deed signed and sealed by the
grantor, lessor or declarant, and that no deed of conveyance shall
be executed or acknowledged by attorney, an eight-year lease of
premises by a life tenant, having one-half interest only, to which the
owners subject to the life estate are not parties, and which does not
purport to convey their interests, is only the personal conveyance
of the life tenant, although such owners had full knowledge of its
execution and acquiesced in and ratified the acts of their co-tenant.

2. Assuming the power of a life tenant to act for herself under the
instrument creating the trust estate, she can only convey her own
interest by a lease thereof.

3. In the absence of anything to show authority in one tenant in common
of an equitable trust estate to act as trustee for her co-tenants in
making a lease, the existence of such authority cannot be presumed;
and in the absence of such authority, no amount of acquiescence on
the part of the co-tenants, they having failed to execute the lease
themselves as required by §§ 492 and 498, D. C. Code, will authorize
the life tenant to lease the entire property, creating therein an estate
beyond her life; and the rights, if any, acquired through such lease
expire with her.

4. Acceptance of rents from the lessee of a life tenant after the latter's
death does not estop the remainderman from defending against a
covenant of renewal contained in the life tenant's lease, since in
this District the action of the remainderman in this respect creates
at most a tenancy by sufferance—D. C. Code, § 1034, [31 Stat. at
L. 1352, chap. 854],—which may be terminated by the landlord giving
notice in writing to quit. D. C. Code, § 1221, [31 Stat. at L. 1382,
chap. 854].

No. 2395. Submitted Oct. 10, 1912. Decided Dec. 30, 1912.

HEARING on an appeal by the defendant from a judgment of the supreme court of the District of Columbia in favor of the plaintiff in a landlord and tenant proceeding for the recovery of possession of certain described real estate in the city of Washington.  *Affirmed.*

The facts are stated in the opinion.

*Mr. Wilton J. Lambert* and *Mr. Rudolph Yeatman* for the appellant.

*Mr. E. C. Brandenburg* and *Mr. F. W. Brandenburg* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is a landlord and tenant proceeding for the recovery of possession of certain described real estate in the city of Washington. The case originated in the municipal court, where judgment was rendered for appellee, hereafter referred to as plaintiff. Appeal was taken to the supreme court of the District of Columbia, where plaintiff, under rule 19 of the court, filed an affidavit of merit, to which defendant filed an affidavit of defense. Plaintiff moved the court for judgment upon the ground of the insufficiency of the defendant's affidavit to constitute a defense. The motion was sustained, and judgment accordingly entered. From the judgment the case comes here on appeal.

It appears that one Robert Cruit at his death, in 1861, was the owner in fee of the property in question. He left the property by will in trust to his wife for life, and after her death in trust for his daughters Catherine, Ann, Louisa, and Susan, during their respective lives, and at their death in trust for the children of the daughters then living in fee. At the date of the execution of the lease in controversy, April 15, 1903, the widow and all of the above-named children, excepting Ann Cruit, had died. All died unmarried and without issue, ex-

cepting Catherine, who was twice married, and left surviving her the three children named in the affidavit, Evanina F. Mackall, Kate Dean Owen, and Jessie Owen Cugle, who it is alleged were the owners in fee simple of the property in controversy, subject to the right of Ann Cruit to one half of the net income from the rental thereof during her life. Defendant Velati is the lessee of said premises as assignee of a lease executed on April 15, 1903, by Ann Cruit to the American National Bank for the period of eight years from April 1, 1903, with the privilege of renewal for a further term of five years from April 1, 1911.

The lease provided that one half of the rental should be paid monthly to Ann Cruit, and the remaining half should be deposited in the American National Bank to await the determination of contemplated litigation for the construction of the last will and testament of Robert Cruit.

Subsequent to the execution of the lease, a bill in equity was filed in the supreme court of the District, asking for a construction of the will. In that proceeding, trustees were appointed, who sold the property by order of court to one Stilson Hutchins, to whom they conveyed title. Hutchins in turn conveyed to plaintiff, as trustee.

Ann Cruit died November 20, 1910. Plaintiff, as trustee, after the purchase of the property by Hutchins, and up to the death of Ann Cruit, received one half of the rental, and subsequent to her death, and up to the time of bringing this action, received and receipted for all the rental in monthly payments. More than one month prior to April 1, 1911, defendant notified plaintiff in writing of her intention to avail herself of the extension of said lease for the further term of five years. About the same date, plaintiff served upon defendant the notice required by law to vacate the premises.

Defendant contends that plaintiff took the premises with constructive notice of the lease, and is estopped from denying its existence and validity, and is bound by its terms. Defendant also claims that she is entitled to possession by reason of the renewal clause of the lease, which she insists, in law, operates

as a present grant, and therefore an extension thereof for the period of five years. It is also alleged in the affidavit of defense, and must be regarded as admitted, that Mackall, Owen, and Cugle left the matter of leasing to Ann Cruit, and permitted her actions to stand as their actions, and that the reason they did not join in executing the lease was because they thought the execution thereof by Ann Cruit was sufficient, and that they had full knowledge of its execution, and acquiesced in and ratified her actions.

At the date of the execution of the lease, Mackall, Owen, and Cugle and Ann Cruit were tenants in common. Ownership in possession of one half of the property in fee was in the children of Catherine, but their ultimate seizure in fee of the other half was contingent upon the death of Ann Cruit without issue. The right of one tenant in common to execute a lease binding upon the others; the inability of Ann Cruit, a life tenant, to execute a conveyance of the premises to extend beyond her life, and the right of plaintiff, as remainderman, to the quiet enjoyment of the property, notwithstanding the covenant of renewal contained in the lease, were discussed at great length by counsel. The case as presented, however, can be disposed of without extended reference to these questions, Sec. 492, D. C. Code [31 Stat. at L. 1267, chap. 854], provides: "No estate of inheritance, or for life, or for a longer term than one year, in any real property, corporeal or incorporeal, in the District of Columbia, or any declaration or limitation of uses in the same, for any of the estates mentioned, shall be created or take effect, except by deed signed and sealed by the grantor, lessor, or declarant." Sec. 498, being part of the same chapter relating to conveyancing, provides: "No deeds of conveyance of either real or personal estate by individuals shall be executed or acknowledged by attorney." In this case Ann Cruit, the lessor, was the one who executed the lease. The statute provides that a lease must be signed and sealed by the lessor. Mackall, Owen, and Cugle did not sign and seal the lease. The acknowledgment of the lease by Ann Cruit could not have been made, and was not made, in their behalf as attorney or agent. Nothing in the

lease purports to convey their interests.   It follows, therefore, that this was only the personal conveyance of the person signing and executing it.

It is not clear from the affidavits that Ann Cruit had any authority under the will to make a lease conveying her interest, since her life estate seems to have been left in the hands of a trustee.   But assuming her power to act for herself, she could only convey her own interest.   There is no disclosure of any power in her to act as trustee for the other tenants in common, and the existence· of such authority cannot be presumed.   In the absence of power to act for the remaining tenants, no amount of acquiescence on their part could affect the present right of plaintiff, since they failed to execute the lease as by statute required.   It follows, therefore, that Ann Cruit was powerless to create an estate in the property beyond her life, hence the rights, if any, acquired through the lease expired with her.

Plaintiff was not bound by any covenant of the life tenant after her death, affecting his free use and enjoyment of the property.   The lease was void *ab initio* as to Mackal, Owen, and Cugle.   But it is contended that plaintiff, by accepting rents after the death of the life tenant, is estopped to defend against the covenant of renewal in the lease.   In this District the action of plaintiff in this respect created at most a tenancy by sufferance.   D. C. Code, sec. 1034 [31 Stat. at L. 1352, chap. 854].   Such a tenancy may be terminated by the landlord giving notice in writing to quit, as was done in this instance.   D. C. Code, sec. 1221 [31 Stat. at L. 1382, chap. 854].

The judgment is affirmed, with costs.                      *Affirmed.*

Petition for rehearing overruled January 16, 1913.