## SOPER *v.* MYERS.

LANDLORD AND TENANT; RENEWAL OF LEASE; EQUITY; APPEAL AND ERROR.

1. Where a tenant under a lease giving him the privilege of renewal, in
   a suit by him against his landlord to compel the renewal, testified
   that upon the expiration of the lease he indicated to the defendant
   that he would want a renewal, but the defendant denied such testi-
   mony, plaintiff cannot be said to have sustained the burden of proof
   which was upon him.

2. A tenant under a lease which gives him the right of renewal, but who
   before the expiration of the lease fails to assert his right to renew,
   becomes a tenant by sufferance (construing sec. 1034, D. C. Code,
   31 Stat. at L. 1353, chap. 854 and following *Morse* v. *Brainerd,*
   42 App. D. C. 448) ; but if the tenant seasonably demands a renewal,
   equity will compel the landlord to renew, as equity regards as done
   that which should be done.

3. Where the trial court has not ruled, but will be required to rule, upon a
   question raised by a motion for a rehearing in this court, this court
   will not assume that the ruling of that court will be adverse to the
   moving party.

No. 2931.   Submitted May 2, 1916.   Decided May 22, 1916.

HEARING on an appeal by the plaintiffs from a decree of
the Supreme Court of the District of Columbia, sitting as an

Note.—As to effect of tenant's holding over after expiration of lease
with option for renewal without formally exercising option, see note in 29
L.R.A.(N.S.) 175.

equity court, dismissing a bill of complaint to compel the defendant to execute to the plaintiffs a lease renewing a former lease.                                        *Affirmed.*

The facts are stated in the opinion.

*Mr. H. Winship Wheatley,* for the appellants, in his brief cited:

*American Sec. & T. Co.* v. *Walker,* 23 App. D. C. 538; *Andrews* v. *Marshall,* 118 Iowa, 595; *Banks* v. *Haskie,* 45 Md. 207; *Bellinger* v. *Kitts,* 6 Barb. 281; *Briggs* v. *Chase,* 105 Me. 320; *Burns* v. *Fox,* 113 Md. 205; *Caley* v. *Thornquist,* 89 Minn. 348; *Cheney* v. *Libby,* 134 U. S. 69; *Plattsmouth* v. *New Hampshire Sav. Bank,* 139 Fed. 631; *Clarke* v. *Merrill,* 51 N. H. 415; *Cure* v. *Crawford,* 5 How. Pr. 293; *Daily* v. *Litchfield,* 10 Mich. 29; *Darling* v. *Hoban,* 53 Mich. 599; *Deichman* v. *Deischman,* 49 Mo. 109; *Delashman* v. *Berry,* 20 Mich. 292; *Duff* v. *Fisher,* 15 Cal. 381; *Edgerton* v. *Peckham,* 11 Paige, 63; *Finch* v. *Underwood,* L. R. 2 Ch. Div. 310; *Foster* v. *Ellison,* 31 Ohio C. C. 513; *Holley* v. *Young,* 66 Me. 520; *Holsman* v. *Abrams,* 2 Disen. 446; *Hosmer* v. *Wyoming R. & Iron Co.* 127 Fed. 884; *Hotel Co.* v. *Allen,* 117 Minn. 333; *Ins. Co.* v. *National Bank,* 71 Mo. 58; *Jenkins* v. *Locke,* 3 App. D. C. 485; *Keane* v. *Story & C. Piano Co.* 121 Minn. 200; *Kentucky Dist.* v. *Blanton,* 149 Fed. 31; *Kimbell* v. *Gross,* 136 Mass. 300; *Kramer* v. *Cook,* 7 Gray, 550; *Lennon* v. *Napper,* 2 Sch. & Lef. 682; *McBrier* v. *Marshall,* 126 Pa. 390; *McCullough* v. *Sutherland,* 153 Fed. 418; *Maughlin* v. *Perry,* 35 Md. 352; *Mershon* v. *Williams,* 62 N. J. L. 779; *Monihan* v. *Wakelin,* 56 Pac. 735; *Montgomery* v. *Hamilton County,* 76 Ind. 362; *Moore* v. *Crawford,* 130 U. S. 122; *Morris* v. *Hoit,* 11 Mich. 17; *Morse* v. *Brainerd,* 42 App. D. C. 448; *Moss* v. *Barton,* 35 Beav. 197; *Myers* v. *Silljacks,* 58 Md. 319; *New York L. Ins. Co.* v. *Livingston,* 64 How. Pr. 511; *New York L. Ins. Co.* v. *St. George's Church,* 64 How. Pr. 511; *Pawlak* v. *Granowski,* 54 Minn. 130; *Presst-*

*man* v. *Silljacks,* 52 Md. 647; *Probst* v. *Rochester Steam Laun.* 171 N. Y. 584; *Ranlet* v. *Cook,* 44 N. H. 512; *Reed* v. *St. John,* 2 Daly, 213; *Renaud* v. *Daskam,* 34 Conn. 52; *Selden* v. *Camp,* 95 Va. 527; *Smoot* v. *Rea & Andrews,* 19 Md. 398; *Spangler* v. *Rogers,* 123 Iowa, 724; *Spear* v. *Orendorf,* 26 Md. 37; *Stevenson* v. *Maxwell,* 22 N. Y. 414; Story, Eq. Sec. 775; *Sweetser* v. *McKenney,* 65 Me. 225; Tayl. Land & T. 332; *Terstegge* v. *First German,* 92 Ind. 82; *Tieboud* v. *Bank,* 42 Md. 212; 2 Tiffany on Landlord & T. Sec. 233, Pgs. 1553, 1540; *Voege* v. *Ronalds,* 83 Hun, 114; *Willard* v. *Tayloe,* 9 Wall. 557; *Worthington* v. *Lee,* 61 Md. 530.

*Mr. Oliver A. Phelps, Mr. Mason N. Richardson,* and *Mr. Charles S. Shreve,* for the appellee, in their brief cited:

*American Sec. & T. Co.* v. *Walker,* 23 App. D. C. 583; *Andrews* v. *Marshall,* 118 Iowa, 595; *Bank* v. *Hagner,* 1 Pet. 455; *Banks* v. *Haskie,* 45 Md. 207; *Caley* v. *Thornquist,* 89 Minn. 348; *Foster* v. *Ellison,* 31 Ohio C. C. 513; *Jenkins* v. *Locke,* 3 App. D. C. 485; *Lennon* v. *Napper,* 2 Sch. & Lef. 682; *Lipscomb* v. *Watrous,* 3 App. D. C. 1; *Maughlin* v. *Perry,* 35 Md. 352; *Morse* v. *Brainerd,* 42 App. D. C. 448; *Monihan* v. *Wakelin,* 56 Pac. 735; *Moss* v. *Barton,* 35 Beav. 197; *Myers* v. *Silljacks,* 58 Md. 319; *New York L. Ins. Co.* v. *Livingston,* 64 How. Pr. 511; *Plattsmouth* v. *New Hampshire Sav. Bank,* 139 Fed. 631; *Presstman* v. *Silljacks,* 52 Md. 647; *Reed* v. *St. John,* 2 Daly, 213; *Renaud* v. *Daskam,* 34 Conn. 512; *Spangler* v. *Rogers,* 123 Iowa, 724; *Selden* v. *Camp,* 95 Va. 527; *Spear* v. *Orendorf,* 26 Md. 37; *Thieboud* v. *Bank,* 42 Ind. 212; *Worthington* v. *Lee,* 61 Md. 530.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal is from a decree in the supreme court of the District dismissing the bill of plaintiffs, Herbert M. Soper and

William T. Nishwitz (appellants here), filed May 28, 1915, to compel the defendant, Charles E. Myers (appellee here), to execute to them a lease of certain premises for a period of two years from November 1, 1914.*

On November 1, 1911, plaintiffs entered into possession of the premises in question under a written lease, expiring on October 31, 1914, and containing the following provision:

"The said tenants to have the privilege of renewing this lease for a further period of two (2) years from the expiration of the above term; providing premises are not sold at expiration of three (3) year term, and the lessees have first privilege of purchasing same."

One of the plaintiffs testified that upon the expiration of the lease he indicated to the defendant that plaintiffs would want the premises for the additional two years. The defendant denying this, the learned trial justice properly found that the burden of proof had not been sustained, and rested the decision upon our ruling in *Morse* v. *Brainerd,* 42 App. D. C. 448. In that case the tenant occupied the premises under a lease which provided that if he held over he should become a tenant for an additional year. He did hold over, and vacated the apartment within a year, giving thirty days' notice. We held that under sec. 1034 of the Code [31 Stat. at L. 1352, chap. 854] he was merely a tenant at sufferance after the expiration of the term certain, and hence that the notice given was sufficient. That section provides that all estates which by construction of the courts were estates from year to year at common law, "as where a tenant goes into possession and pays rent without an agreement for a term, *or where a tenant for years, after the expiration of his term,* continues in possession and pays rent and the like, and all verbal hirelings by

---

*Note.—The decree appealed from also referred the cause to the auditor to ascertain and report what damage, if any, had been sustained, by the defendant because of the wrongful suing out of an injunction *pendente lite* by the plaintiffs, whereby the defendant was restrained from suing in the municipal court for the possession of the premises.—Reporter.

.the month or at any specified rate per month, shall be deemed .estates by sufferance."

We agree with the learned trial justice that the decision in the *Brainerd Case* is controlling here. There the parties had attempted, in the written lease, to declare a consequence of holding over inconsistent with the terms of the statute, and we held that could not be done. Here it was agreed that the plaintiffs might have the privilege of renewing their lease from the expiration of the term certain, but section 1034 was as much a part of the lease as though it had been written into it. Under the interpretation we have given that section, the failure of the plaintiffs, before the expiration of the lease, to assert their right to a renewal, made them tenants by.sufferance. They merely continued in possession, as did the tenant in the *Brainerd Case,* and the statute fixed their status. Had they seasonably made their election and demanded a renewal of their lease, the court would have compelled the defendant to renew, for equity regards as done what should be done.

The decree must be affirmed, with costs.      *Affirmed.*

A motion for a rehearing was denied June 1, 1916, Mr. Justice ROBB delivering the opinion of the Court:

This is an application for a rehearing or a modification of the decree.

In its decree the lower court referred the cause to the auditor under the following order: "To ascertain and report what damage, if any, has been sustained by the defendant because of the wrongful suing out of the injunction heretofore issued herein." It is suggested that inasmuch as it appears by the uncontradicted evidence that the defendant, pending the suit, accepted without protest checks for rent marked "in full" for the particular month, he now is estopped to claim more. While this contention appears to us to be well founded, the trial court not having ruled upon it, we cannot assume that the ruling will be adverse to appellants, and hence must deny their application.