# KRESGE v. CROWLEY.

EQUITY; STATUTE OF FRAUDS; SPECIFIC PERFORMANCE; LANDLORD AND
TENANT; NOTICE; VENDOR AND PURCHASER.

1. While the Statute of Frauds is equally binding upon courts of equity
and courts of law, its requirements will be relaxed in equity where
to enforce the statute will make it an instrument of fraud.

2. A parol contract concerning land will be specifically enforced, notwith-
standing its invalidity under the Statute of Frauds, where the
party seeking its enforcement has been induced to alter his position
on the faith of the contract to such an extent that it would be a
fraud on the part of the other party to set up its invalidity, and
where the acts of part performance have been clearly such as to show
they are referable to the parol contract.

3. Where on reliance upon a parol agreement for a lease for more than
one year, and a lease embodying such agreement, but executed not
by the lessor but by his attorney, the tenant entered into posses-
sion of the demised premises and expended large sums of money,
equity, at the suit of the tenant, will enforce the agreement, not-
withstanding the invalidity of the lease under sec. 492, D. C. Code
(31 Stat. at L. 1267, chap. 854), providing that no estate for a
longer period than one year may "be created or take effect except by
deed signed and sealed" by the lessor; sec. 498, that no deed may
be executed by an attorney; and sec. 1116 (31 Stat. at L. 1367, chap.
854) that every estate in land for a greater term than one year at-
tempted to be created by parol or otherwise than by deed shall be an
estate by sufferance.

4. A purchaser of land with notice of a prior equity superior to the rights
of his grantor takes his place, and is bound to do that which in
equity his grantor was bound to do; and specific performance will be
decreed against such a purchaser in the same manner and to the
same extent as it would have been decreed against his grantor.

No. 3080.   Submitted October 3, 1917.   Decided November 12, 1917.

NOTE.—On specific performance of oral lease void under the Statute of
Frauds after lessee's entry into possession and making improvements, see
note in 3 L.R.A.(N.S.) 852.

Authorities discussing the question of part performance under parol
lease to satisfy the Statute of Frauds are collated in a note in 49 L.R.A.
(N.S.) 113.

HEARING on an appeal, specially allowed, from orders in the Supreme Court of the District of Columbia overruling a motion to dismiss a bill in equity to enjoin the prosecution of a landlord and tenant proceeding in the Municipal Court for the possession of certain real estate.            *Affirmed.*

The Court in the opinion stated the facts as follows:

This is a special appeal from orders in the supreme court of the District overruling a motion to dismiss appellee's bill to restrain appellant, Sebastian S. Kresge, from the prosecution of a landlord and tenant proceeding instituted by him in the municipal court to secure from appellee, James J. Crowley, the possession of certain real estate, the appellant claiming that the tenancy was by sufferance.

The facts alleged in the bill, stated in narrative form, are substantially as follows: In July of 1915 appellee made an oral agreement with Moses Goldenberg, who then owned the premises in question, No. 702 E street, N. W., this city, under the terms of which Goldenberg agreed to repair the premises and give appellee a two-year lease, with privilege of three years' extension if appellee would purchase the barroom business and license owned by Goldenberg's tenant, then in possession, and procure a transfer to appellee of the license. Goldenberg directed his son to write a letter to appellee embodying the terms of this agreement, which letter was written and then and there handed to appellee. A copy of this letter is attached to the bill.

Appellee accepted Goldenberg's terms, and, in reliance thereon, purchased the barroom business and license from Goldenberg's tenant, paying $1,250 therefor. He received no stock of liquor, the fixtures were worth no more than $50, and the license would be nearly expired before the necessary repairs could be made.

Goldenberg was duly notified, took possession of the premises, and completed the repairs the latter part of September, when his attorney presented to appellee a lease in duplicate of the premises embodying the terms and conditions theretofore agreed upon. Appllee duly executed the lease, and thereupon "it was

signed Moses Goldenberg per Julius M. Goldenberg, Atty.,"
who "was authorized by power of attorney duly executed by said
Moses Goldenberg to execute and deliver said lease, as afore-
said." A copy of this lease is attached to the bill.

Thereupon, on September 24, 1915, appellee entered into pos-
session of the premises and expended about $300 on the furnace,
water heater, and electric fixtures, "and a further large amount
of money in suitably furnishing the said premises for barroom
purposes." Thereafter he paid $1,500 for a barroom license
ending October 31, 1916, and a further sum of $1,500 for a bar-
room license ending October 31, 1917. These several expend-
itures were made in reliance upon the agreement with Golden-
berg.

In November of 1916 Goldenberg sold the premises to appel-
lant but appellee was not informed of the sale until December
1st, when he sent to Goldenberg a check for the rent due. This
check subsequently was accepted by appellant's agent.

On December 9, 1916, appellant served notice on appellee to
vacate the premises at the end of thirty days, taking the posi-
tion that he was not bound by the Goldenberg lease because it
was signed by an attorney. Appellee regularly has tendered the
rent specified in the Goldenberg lease.

At the time appellant purchased this property he "knew that
the plaintiff (appellee) was in possession thereof; was advised
that the said lease was recorded as aforesaid; and had actual
knowledge of the existence of said lease and of the terms thereof,
and of the said agreement with Moses Goldenberg whereunder
the plaintiff was entitled to a lease of said premises as afore-
said, and that the plaintiff held possession of said premises
thereunder."

The prayers of the bill are for a temporary restraining order
and specific performance.

*Honorable Daniel Thew Wright* and *Mr. W. A. Johnston* for
the appellant.

*Mr. H. W. Sohon* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

Under sec. 492 of the Code [31 Stat. at L. 1267, chap. 854], no estate of inheritance or for a longer term than one year may "be created or take effect except by deed signed and sealed by the grantor, lessor, or declarant." Under sec. 498 no deeds of conveyance of either real or personal estate by individuals may be executed or acknowledged by attorney. Section 1116 [31 Stat. at L. 1367, chap. 854] provides that every estate in land for a greater term than one year, attempted to be created by parol or otherwise than by deed as above specified, "shall be an estate by sufferance."

The foregoing provisions, appellant points out, are based upon considerations of public policy; and he contends that the bill should be dismissed because the alleged lease described therein "is void upon its face and cannot be made the foundation of a cause of action in either a court of law or a court of equity."

While the Statute of Frauds is equally binding upon courts of equity and courts of law, the rigid requirements of the statute frequently have been relaxed in courts of equity "for the purpose of hindering the statute made to prevent frauds from becoming the instrument of fraud." *Purcell* v. *Miner (Purcell* v. *Coleman)* 4 Wall. 513, 517, 18 L. ed. 435, 436. And where one of two contracting parties has been induced or allowed to alter his position on the faith of a contract within the statute, "to such an extent that it would be fraud on the part of the other party to set up its invalidity, courts of equity hold that the clear proof of the contract and of the acts of part performance will take the case out of the operation of the statute, if the acts of part performance were clearly such as to show that they are properly referable to the parol agreement." *Williams* v. *Morris,* 95 U. S. 444, 457, 24 L. ed. 360, 362.

The distinct ground upon which courts of equity enforce the specific performance of a contract within the statute is "that otherwise one party would be enabled to practise a fraud upon the other; and it could never be the intention of the statute to enable any party to commit such a fraud with impunity. Indeed fraud in all cases constitutes an answer to the most solemn

acts and conveyances; and the objects of the statute are promoted, instead of being obstructed, by such a jurisdiction for discovery and relief." 2 Story, Eq. Jur. ¶ 759. This statement of the rule was approved in *Whitney* v. *Hay*, 181 U. S. 77, 45 L. ed. 758, 21 Sup. Ct. Rep. 537, where, after reviewing the American and English cases, the court said: "They all proceed upon the ground that, although in a suit to enforce the specific performance of a parol agreement in reference to land the defendant cannot be directly charged upon the alleged contract itself, he may be held—the evidence clearly showing part performance, in substantial particulars, of such agreement—to do what justice requires to be done under the equities arising from acts done after the making of the agreement and in execution of its provisions. To refuse under some circumstances to compel the full execution of an agreement of that kind which has been partly performed would make the statute an instrument of fraud, and that a court of equity will not permit." And again, in *Winslow* v. *Baltimore & O. R. Co.* 188 U. S. 646, 658, 47 L. ed. 635, 640, 23 Sup. Ct. Rep. 443, the court declared that specific performance of a void contract will be decreed because of part performance, where fraud and injustice would result if the contract were held inoperative.

In the present case the terms of the contract are susceptible of clear proof. It is alleged that the letter which Goldenberg authorized written, and which was handed to appellee in Goldenberg's presence, embodied the terms of the contract. That letter thereafter became merged in the contract itself, that is, the so-called lease, and had appellee immediately discovered its infirmity a court of equity would not have hesitated to compel Goldenberg properly to execute it. The court very properly would have received the so-called lease as evidence of an agreement concerning an interest in land which, under sec. 1117 of the Code [31 Stat. at L. 1367, chap. 854], may be "signed by the party to be charged therewith or some other person by him thereunto lawfully authorized." We perceive no reason why it may not be so received now.

Appellee alleges that in reliance upon his contract he expended $1,250 in buying out the former tenant, for which he would

receive practically no return unless his agreement with Goldenberg was carried out. . He further alleges that he expended several hundred dollars in repairs and paid $1,500 for a barroom license ending October 31, 1916, and a like amount for a similar license ending October 31, 1917. These several expenditures not only are consistent with the contract set up, but inconsistent with any other. To illustrate: Had appellee merely alleged that he entered into possession of the premises and regularly paid or tendered the rent agreed upon, such payments would have been as consistent with a tenancy at will as with the contract set out, but the acts here relied upon are clearly inconsistent with a tenancy at will. We think it requires no argument to demonstrate that such an injustice would result if the contract in question should be held inoperative, as to take the case out of the statute.

Appellant, having had notice of the agreement when he took title to this property, is in no better position than his grantor; for a purchaser with notice of a prior equity superior to the rights of his grantor takes his place and is bound to do that which in equity his grantor was bound to do. Specific performance will be decreed against such a purchaser in the same manner and to the same extent as it would have been decreed against his grantor. *Cranwell* v. *Clinton Realty Co.* 67 N. J. Eq. 540, 58 Atl. 1030; *Engler* v. *Garrett,* 100 Md. 387, 59 Atl. 648.

The orders are affirmed, with costs.　　　　　*Affirmed.*