BINDER et al. v. JAFFE.

No. 1404.

Municipal Court of Appeals for the District of Columbia.

Submitted Nov. 30, 1953.

Decided Dec. 15, 1953.

Herman Miller, Washington, D. C., for appellants.

Louis Ginberg, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

An owner sued for possession of commercial property on the ground that the tenants were holding under an expired lease. On motion for summary judgment the trial court decided the case in favor of the owner, and tenants have brought this appeal.

The property had been demised to the tenants by a formal lease for a five-year term expiring January 2, 1953. Before the expiration date the lessees requested a six months' extension, which lessor granted. The extension was evidenced by an instrument in writing signed by all parties, and expressly providing that the extended period was to end July 2, 1953. It was after lessees' failure to honor that agreement that the suit was brought.

■ Appellants' first contention is that because the six months' extension agreement was not under seal it was not effective, and hence that they became tenants at sufferance under Code 1951, § 12–301, and were entitled to a thirty-day notice to quit.

In this jurisdiction a lease for more than a year must be in the form of a deed, signed and sealed by the grantor. Code 1951, § 45–106. There is no requirement that a lease for less than a year be under seal. Here the extension agreement expressly carried into effect all the provisions of the original five-year lease and made no change except to fix a new expiration date. It did not create or purport to create a new "estate." It did no more than enlarge the period during which the tenants were permitted to retain possession. Moreover, since it covered a period of only half a year it was not affected by either of the Code provisions cited. Having sought and obtained the benefits of an extended term, lessees cannot now complain that the agreement extending the term was not formal enough to accomplish that purpose.

■ The second defense is patently inconsistent with and repugnant to the first. Appellants say they were entitled to continue in possession because simultaneously with the written extension above referred to, the owner gave them an oral "option" for an additional six months' extension beyond the first one. They seem to argue that though the formal written extension had no legal value, the additional oral one did. This logic we cannot follow. The claimed option did not comply with the Statute of Frauds [1] and was not supported by any consideration. Hence it could not have amounted to a contract. Rosenkoff v. Mariani, D.C.Cir., 207 F.2d 449, decided September 24, 1953.

No issue of fact was presented by the pleadings and the trial court was right in deciding the case in favor of plaintiff. For almost six months the owner has by dubious defenses been thwarted in her effort to regain possession of her property; she should not be thwarted any longer.

Affirmed.

[1]. Code 1951, § 12–302.