Maggie E. PAUL, Appellant,

v.

Charles S. HOLLOWAY, Agent for Cloteal C. Thomas, Appellee.

No. 1769.

Municipal Court of Appeals for the District of Columbia.

Argued April 2, 1956.

Decided May 7, 1956.

Reargued June 26, 1956.

Decided July 30, 1956.

Catherine U. Welch, Washington, D. C., for appellant.

T. Douglass Davidson, Washington, D. C., for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

In October 1952 appellant Mrs. Paul took possession of dwelling property under a three-year lease from Holloway. She paid rent through March 1955 and then vacated the property. Holloway later sued her for rent accruing during the balance of the

lease term. The trial court awarded judgment to plaintiff.

On this appeal defendant contends that because Holloway was not the owner, but had executed the lease as "broker" for the owner, he was not the proper party to maintain the action. She invokes Municipal Court Rule 17(a),[1] which provides: "Every action shall be prosecuted in the name of the real party in interest * * *."

We have twice had occasion to consider this question. Some ten years ago, in Koehne v. Harvey, D.C.Mun.App., 45 A.2d 780,[2] on somewhat different facts, we ruled that an agent-lessor had the right to maintain a possessory action against the lessee. We carefully distinguished Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861, 863, on which the tenant relies here, pointing out that it was a contempt proceeding and based on greatly different facts. There, in construing a special rule of court prohibiting all except attorneys from appearing in a representative capacity the court ruled that a real estate agent was not the real party in interest, entitled to manage his own cause personally. But dealing directly with the question which is before us here, the court stated that an agent having a right to make a lease in his own name, "the action could properly be brought in the name of the agent."

A few years later, in Ancher v. Lamb, D.C.Mun.App., 86 A.2d 533, 534, a case even more similar to ours, we repeated much that we had said in the Koehne case and again ruled that an agent-lessor could sue in his own name.[3] In the Ancher case, as here, plaintiff brought suit in his own name as agent for the owner, and he was described in a similar manner in the lease. We mentioned there that the agent's right to sue was even clearer than in Koehne, because his status as landlord was established by direct contract with the lessee.

What we said in the Koehne and Ancher cases applies in the situation now before us. Holloway was in full charge of the property with authority to lease and collect rents. He became lessor and landlord by direct lease-contract with Mrs. Paul, and she obtained possession under the lease.

Appellant stresses that the lease was executed by Holloway as "Broker-Lessor" and that he was described in the caption of the complaint as "agent for Cloteal C. Thomas." But the record left no doubt as to his status, or as to the identity of his principal, who testified at the trial. And as we said in the Ancher case, this left "* * * no question as to liability for costs, or any later potential question of res judicata, or any other possible prejudice to defendant by permitting the wrong party to maintain the suit."

■ In another contention appellant claims that the lease was not a "* * * deed signed and sealed by the * * * lessor * * *." as required by Code, § 45-106, to convey a term of more than one year, and therefore, she was a tenant by sufferance under Code, § 12-301. It is true that the conveyance in this case was not precisely denominated a deed. But by its terms the lessor formally did "let and demise" the property to defendant for a "term" and in the acknowledgement the instrument was referred to as a "Deed of Lease," "deed," and as the "act and deed" of the parties. In addition it was signed and sealed by the plaintiff. We think it was a conveyance which satisfied the statute.

■ Appellant also contends that the trial court should have found that plaintiff had either waived rent for the balance of the term of the lease or by his conduct had induced defendant's breach. These contentions cannot be sustained. We have found in the evidence no basis for estoppel and

1. The rule is the counterpart of F.R.Civ. Proc. 17(a), 28 U.S.C.A.

2. Appeal denied by U. S. Court of Appeals, April 11, 1946. (No. 9216).

3. While both the Koehne and Ancher cases

were suits for possession we find no material distinction requiring the application of a different rule in a suit for rent. The lease required payment of rent to Holloway, and also authorized him to sue for possession if lessee defaulted.

nothing to require a holding that lessor had waived his rights under the lease. Nor can the lessee's obligation be discharged because of her claim that lessor failed to notify her that he intended to hold her for the balance of the term. We know of no rule of law requiring that such notice be given.

We have studied the record in connection with other errors assigned, and have found no error.

Affirmed.

### On Rehearing.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

We ordered oral argument on appellant's motion for rehearing, to further explore the question of the validity of the lease between the parties, under Code Section 45–401. Arguments have now been heard and the question more thoroughly briefed. Having carefully reconsidered the case we have come to the conclusion that appellant's position is correct, and that the lease did not create an estate for longer than one year.

Our statute, Code, § 45–401, provides that "No deeds of conveyance of either real or personal estate by individuals shall be executed or acknowledged by attorney."

Appellee now concedes that the section just quoted applies to agents as well as attorneys. And it is clear that in making the lease as "broker" appellee Holloway was nothing more than a rental agent. It is true that he had the owner's authority to execute the lease; indeed the owner signed the lease as witness. But despite any contractual authority given him by the owner,

Holloway could not under the statute make a conveyance of the real estate, because he had no interest to convey.

And yet, in executing a lease for a term longer than one year Holloway was attempting to make a conveyance. Code 1951, 45–106 provides that "No estate * * * for a longer term than one year, in any real property * * * shall be created or take effect, except by deed signed and sealed by the grantor, lessor, or declarant, or by will." And since Code, § 45–401, quoted earlier in this memorandum, withholds from an attorney (or agent) the right to create such an estate, it follows that the lease between these parties was ineffectual beyond the one year period. This seems to be established law in our jurisdiction. Velati v. Dante, 39 App.D.C. 372, certiorari denied 227 U.S. 679, 33 S.Ct. 462, 57 L.Ed. 700; Kresge v. Crowley, 47 App.D.C. 13; Binder v. Jaffe, D.C.Mun.App., 101 A.2d 260. See also Schooler v. Schooler, 84 U.S.App.D.C. 147, 173 F.2d 299.

Appellee suggests that the lessee is estopped to deny the "owner and lessor relationship." But in the record there is no suggestion that the lessee committed any fraud, or induced the owner to make any expenditures or otherwise to alter his position to his disadvantage. See Kresge v. Crowley, supra. The lessee was therefore entitled to invoke the statute.

From what we have said it follows that the lease was invalid during the period for which rent was claimed, and that the defendant lessee was entitled to judgment in the trial court. We now amend and correct our opinion of May 7, 1956 accordingly, and order that the judgment below be reversed and that final judgment be entered for defendant.

Reversed, with instructions.