Geraldine V. DeFOE, Appellant,

v.

The CAREY WINSTON COMPANY,
a corporation, Appellee.

No. 4325.

District of Columbia Court of Appeals.

Argued Sept. 9, 1968.

Decided Nov. 12, 1968.

Geraldine V. DeFoe, pro se.

Edmund H. Feldman, with whom Y. Hillel Abrams, Washington, D. C., was on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge.

On December 13, 1965, appellant, Geraldine V. DeFoe, signed a lease agreement with appellee. The Carey Winston Company for apartment #308, located at 1880 Columbia Road, N. W., Washington, D. C. Before the lease expired on December 31, 1966, appellant was informed in writing that the lease would not be renewed and she was requested to vacate the premises at the end of the term. Ignoring the notice to vacate, appellant remained in possession of the premises beyond the end of her term without paying rent. Appellee filed this action against appellant on January 20, 1967, demanding possession. The trial court entered a judgment granting possession to the appellee on March 7, 1967.

A supersedeas bond was set by the trial judge at $2,000 when appellant indicated her intention to appeal the adverse decision. Because of her failure to post bond, a writ of restitution was issued and executed.[1]

Appellant has raised the procedural objection that the appellee is "neither owner nor agent and cannot maintain or institute an action in its own name." Her conten-

1. We were informed at oral argument that appellant would not, for reasons of health, consider re-entering the premises should she prevail in this appeal.

tion is based on GS Civil Rule 17(a) which provides that "Every action shall be prosecuted in the name of the real party in interest * * *"

 As a general rule, during the existence of a landlord-tenant relationship, a tenant in undisturbed possession of the premises is estopped to deny the title of his landlord, or the exercise of the legal rights accruing to him because of his status as lessor. Shapiro v. Christopher, 90 U.S. App.D.C. 114, 195 F.2d 785 (1952); Merritt v. Kay, 54 App.D.C. 152, 295 F.973 (1924); Rowlett v. Nash, 38 App.D.C. 598 (1912). This rule is equally applicable when an agent executes a lease in his own name as lessor. Stott v. Rutherford, 92 U.S. 107, 23 L.Ed. 486 (1876).

Because of this thoroughly established rule of estoppel, we have held in earlier decisions that an agent-lessor has the right to maintain a possessory action in his own name against the lessee. We ruled in Koehne v. Harvey, D.C.Mun.App., 45 A.2d 780 (1946), that the manager of the building could maintain a possessory action as landlord where the leases had been assigned to him under express instructions of the owners of the building. We reiterated this right of the agent to prosecute the action in his own name in Ancher v. Lamb, D.C. Mun.App., 86 A.2d 533 (1952). There the status of the agent as landlord was established by direct contract with the lessee. Similarly, in Paul v. Holloway, D.C.Mun. App., 124 A.2d 587 (1956), where the lessor was designated in the lease as the "broker" of the owner, we upheld the agent's right to sue.[2]

 In view of these decisions we are of the opinion that the trial court properly excluded additional probing into the question of appellee's title as landlord. It is clearly attested in the record that The Carey Winston Company became the lessor by a direct lease-contract with appellant. Furthermore, at the time of the filing of

the complaint and of the trial, The Carey Winston Company was the landlord, and the property managers were its employees. We therefore hold that appellee is the "real party in interest" within the meaning of GS Civil Rule 17(a).

We have carefully examined the record in regard to other claims made by appellant and find no error.

Affirmed.

---

2. Reversed on rehearing on other grounds. 124 A.2d at 589.