AMBERGER & WOHLFARTH, INC., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 6516.

District of Columbia Court of Appeals.

Argued Sept. 18, 1972.

Decided Feb. 6, 1973.

Donald Cefaratti, Jr., Washington, D. C., for appellant.

E. Calvin Golumbic, Asst. Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and HARRIS, Associate Judges.

HARRIS, Associate Judge:

This action for the possession of leased real property was initiated in the Landlord and Tenant Branch of the Civil Division of the Superior Court. Following preliminary matters not here relevant, the date set for trial arrived. Prior to the introduction of any evidence, the District of Columbia, which effectively is appellant's landlord, orally moved for a judgment on the pleadings. Following argument thereon, the trial court took the matter under advisement. The motion thereafter was granted. We reverse, and remand the case for trial.

The absence of an evidentiary record limits a recitation of the facts. Appellant Amberger & Wohlfarth, Inc., is a plumbing and heating contractor. For some 25 years, it has operated its business out of a two-story building at the corner of 41st and Chesapeake Streets, N.W.

That structure, which is the subject of this litigation, occupies a small portion of a rather large tract of land owned by the United States. The overall tract, under the jurisdiction of the National Park Service, constitutes what is known as Fort Reno Park. Partly because consideration was being given to widening Chesapeake Street, jurisdiction over the property leased by appellant was transferred by the National Park Service to the District of Columbia on January 2, 1957.[1]

In early 1970, the District of Columbia determined to raise the rent on the property. (The idea of widening Chesapeake Street apparently had been abandoned.) The District of Columbia's rental agent, H. L. Rust Company, approached appellant for this purpose. A one-year lease was entered into for the period March 1, 1970, through February 28, 1971, at an increased monthly rental of $260.00.

Subsequent to the execution of that lease, appellant and the government's rental agent entered into discussions for the future. Appellant was interested in an extensive renovation of the premises, and asked for a five-year lease. Although the record contains no testimony (or even affidavits), apparently appellant was told that while reasons of policy precluded a five-year lease, it could be assured of five annual renewals of the one-year lease. Rightly or wrongly, justifiably or unjustifiably, appellant concluded that it had what it wanted (*i. e.,* an assurance of five further years of occupancy), and undertook the renovation at a cost which was more than double the entire annual rental for the building.

Prior to the expiration of the written one-year lease, the government determined to make other use of the building. Appellant was give a 30-day notice to vacate, but declined to do so, as a consequence of which the District of Columbia filed its complaint for possession on January 21, 1972.[2] The fifth defense set forth in appellant's answer to the complaint stated:

Following the execution of the lease agreement between the parties, the plaintiff through its agent, the H. L. Rust Company, represented that the defendant could have five one year extensions or renewals of its lease agreement, and relying upon such representation, the defendant undertook extensive repairs to the premise at considerable expense to it, which it would not have done had it not been assured of such extensions or renewals.

■ As noted, on the day scheduled for trial, the government orally moved for judgment on the pleadings.[3] After taking

---

1. Appellant contends that since the District of Columbia is not the actual owner of the property, it has no right to seek possession. Such a position is invalid; a tenant basically is estopped from challenging his landlord's title to rented premises. *E. g.,* DeFoe v. Carey Winston Co., D.C.App., 247 A.2d 416 (1968). There are no circumstances present here which might warrant deviation from this general rule.

2. The complaint stated that appellant was in default of rental payments totaling $2,860.00, but it also noted that rent had been tendered by appellant. After the trial court entered judgment, all rent due was accepted by the government. This court stayed the judgment for possession pending disposition of the appeal,

and it is assumed that all rental payments are current.

3. The Superior Court rules relating to motions for judgment on the pleadings are not as explicit as those [Super.Ct.Civ.R. 12–I(k) and 56] relating to motions for summary judgment. Nonetheless, in providing for motions for judgment on the pleadings, Super.Ct.Civ.R. 12(c) requires such a motion to be submitted "within such time as not to delay the trial." Rule 12(c) must be read in conjunction with Super.Ct.Civ.R. 12–I(d) and (e). The former requires all motions to be in writing except those "made in open court during hearing or trial when opposing counsel is present and motions made under emergent conditions." The latter allows five days within which a party

the motion under advisement, the trial court issued a written Opinion and Order. In it, the trial court "accept[ed] the proffered evidence in the light most favorable to Defendant." Since appellant had stated essentially that it was relying on an oral representation that it "could have five one year extensions or renewals of its lease agreement" (Fifth Defense in Answer to Complaint), the trial court concluded that appellant had a right to continued occupancy for only one year beyond the expiration of the written lease. By the time of the trial court's decision, that year had expired, so the government was granted a judgment for possession.

■ The trial court's written opinion was carefully reasoned. Reliance was placed upon statutes which essentially provide that any agreement involving an interest in real estate which purportedly is for a term in excess of one year must be in writing to be enforceable.[4] However, the effectiveness of such legislation, generally known as a statute of frauds, is not absolute. Partial or complete performance under an oral contract may remove a case from the applicability of the statute. *E. g.,* Townsend v. Vanderwerker, 160 U.S. 171,

16 S.Ct. 258, 40 L.Ed. 383 (1895); Mars v. Spanos, 78 U.S.App.D.C. 230, 139 F.2d 369 (1943); Diatz v. Washington Technical School, Inc., D.C.Mun.App., 73 A.2d 227, rehearing denied, 73 A.2d 718 (1950), aff'd sub nom. Sobel v. Diatz, 88 U.S.App.D.C. 329, 189 F.2d 26 (1951). In DeGrazia v. Anderson, D.C.Mun.App., 62 A.2d 194 (1948), it was stated (at 195):

> Long ago, in the leading case of Kresge v. Crowley, 47 App.D.C. 13, it was held that despite the statute of frauds one who has been induced to alter his position and make improvements on property based on a parol contract may enforce such contract in the courts.

■ It is appellant's contention that the promise of five one-year renewals reached the level of being equivalent to a promise for the full five years. We have no way of knowing what evidence appellant may be able to develop, and ultimately the trial court's reasoning may prove to be wholly valid. Nonetheless, the factual determination which is indispensable to a proper resolution of this controversy can only be made on the basis of evidence adduced at trial, and appellant should have

---

may file an opposition to a motion.

In the Landlord and Tenant Branch, where trials initially are scheduled for the appearance date specified in the summons [Super.Ct. L & T R. 7(c)], "emergent conditions" might well exist in some cases so as to justify an oral motion for judgment on the pleadings. The record in this case reflects no emergent conditions, and the oral motion was made two months after the defendant's answer was filed. In our view, the preferable course from a procedural standpoint would have been for the trial court to refuse to entertain the oral motion.

4. D.C.Code 1967, § 28–3501:

An estate, attempted to be created for a greater term than one year in real estate, other than by deed, is an estate by sufferance.

D.C.Code 1967, § 28–3502:

An action may not be brought to charge . . . a person . . .

upon a contract or sale of real estate, of any interest in or concerning it, or upon an agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action is brought, or a memorandum or note thereof, is in writing . . . and signed by the party to be charged therewith or a person authorized by him.

The trial court also cited D.C.Code 1967, § 45–819, which provides: "An estate expressed to be from year to year shall be good for one year only." We do not consider the dispute to involve an estate "expressed to be from year to year", and hence view Section 45–819 as not relevant to the decision herein. *See* Soper v. Myers, 45 App.D.C. 286 (1916); Morse v. Brainerd, 42 App.D.C. 448 (1914).

been permitted to show what commitments were made by the District of Columbia's agent and the nature and extent of its reliance thereon.[5] *See* Ross v. Brainerd, D. C.Mun.App., 54 A.2d 859, 861 (1947). Accordingly, the judgment for possession is set aside, and the case is remanded for trial.[6]

Reversed and remanded.

5. As is true with respect to motions for summary judgment, a motion for judgment on the pleadings should not be granted where there is a genuine issue of material fact. *See* Leventhal v. Phoenix Ins. Co., D.C.App., 251 A.2d 391 (1969) ; Nyhus v. Travel Management Corp., 466 F.2d 440 (D.C.Cir. 1972).

6. In a preliminary ruling issued more than a month prior to the granting of the oral motion for judgment on the pleadings, the trial court decided that appellant would have been entitled to a trial by jury. Since then, we have held that there is no right to a jury trial in an action for possession of leased property brought under D.C.Code 1967, § 16–1501 (Supp. V, 1972). Pernell v. Southall Realty, D.C. App., 294 A.2d 490 (1972). On remand, the case will be one for trial by the court alone.