Stephen S. ADAMS, et al., Appellants,

v.

James F. HINCHMAN, Acting Comptroller General of the United States General Accounting Office, et al., Appellees.

No. 97–5121.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 12, 1998.

Decided Aug. 28, 1998.

Rehearing Denied Nov. 9, 1998.

Jules Bernstein argued the cause for appellants. With him on the briefs were Linda Lipsett and Edgar N. James.

Wendy M. Keats, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief were Frank W. Hunger, Assistant Attorney General, Wilma A. Lewis, U.S. Attorney, and Barbara C. Biddle, Assistant Director, U.S. Department of Justice.

Edgar N. James was on the brief for amicus curiae Federal Law Enforcement Officers Association. Martha L. Walfoort entered an appearance.

Before: RANDOLPH, ROGERS, and TATEL, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's judgment rejecting the claims of 14,122 current and former federal criminal investigators or other law enforcement officers. The plaintiffs were employed between 1984 and 1995 in federal agencies such as the Customs Service, the Secret Service, the Internal Revenue Service, the Drug Enforcement Agency and the Bureau of Alcohol, Tobacco and Firearms.[1] Between February 16, 1990, and December 13, 1995, they filed civil actions in the Court of Federal Claims alleging that they had been wrongfully classified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. During the same period, each employee also filed an administrative claim at the Government Accounting Office. Of the

---

1. The original defendants were then Comptroller General of the General Accounting Office Charles A. Bowsher, and the heads of the various federal agencies. On September 30, 1996, Mr. Bowsher retired. The acting Comptroller General, James Hinchman, was substituted as defendant.

14,122 employees, 11,247 brought suit before June 30, 1994.

In a consolidated case, the Court of Federal Claims held that certain grades of employees—namely, GS–9 and GS–11 investigators at BATF, DEA, IRS, and Secret Service, and GS–9 investigators at Customs Service—were not exempt from FLSA, and thus had been entitled to overtime pay. *Adams v. United States,* 27 Fed. Cl. 5 (1992). On March 16, 1994, these plaintiffs entered into settlement agreements with the United States. The agreements gave the plaintiffs "back pay and interest . . . for the two-year period prior to the date that each such plaintiff filed suit" but did not prejudice their rights to pursue administrative remedies. Counsel then corresponded with the GAO regarding the pending administrative claims.

The authority of the GAO to settle claims against the United States is found in the Barring Act, 31 U.S.C. § 3702.[2] According to the GAO, "to settle a claim means to administratively determine the validity of that claim. . . . Settlement includes the making of both factual and legal determinations. The authority to settle and adjust claims does not, however, include the authority to compromise claims." GENERAL ACCOUNTING OFFICE, PRINCIPLES OF FEDERAL APPROPRIATIONS LAW 11–6 (1982); *see also Illinois Surety Co. v. United States ex rel. Peeler,* 240 U.S. 214, 219, 36 S.Ct. 321, 60 L.Ed. 609 (1916). Under 31 U.S.C. § 3702(b)(1)(A), a claim against the government "must be received . . . within six years after the claim accrues except . . . as provided in this chapter or another law."

Lawsuits for back pay under FLSA are subject to the Portal–to–Portal Act's statute of limitations—two years for non-willful violations and three years for willful ones.[3] *See* 29 U.S.C. § 255(a). Shortly after FLSA coverage was extended to federal employees, however, the GAO ruled that "the time limitation for the filing of claims by federal employees under the FLSA which may be considered by our office is six years. . . ." *In re Transportation Sys. Ctr.,* 57 Comp. Gen. 441 (1978). The GAO relied in part on a letter from the Civil Service Commission, reasoning that the language of 29 U.S.C. § 255—which spoke exclusively in terms of a "cause of action"—limited it to judicial proceedings and did not apply to administrative claims. *See also* PRINCIPLES 11–22 ("[T]he time limit for filing a claim under the Fair Labor Standards Act is the six years prescribed by [then-] 31 U.S.C. § 71a, notwithstanding a two-year statute of limitations for commencing actions at law. Thus, a claim filed under the FLSA more than two years but less than six years after it accrued could still be considered administratively, although the claimant would have lost his recourse to the courts.").

In back pay and overtime cases, the statute of limitations determines how many years of compensation each claimant receives. Since these are continuing claims, a separate cause of action accrues each payday. A six-year statute of limitations means that an employee could recover six years of back pay or overtime compensation dating from the time he or she first filed suit.

On May 23, 1994, the GAO overruled *Transportation Systems Center.*[4] In *In re Joseph M. Ford,* 73 Comp. Gen. 157 (1994), the GAO held that the shorter statute of limitations found in the Portal–to–Portal Act would henceforth be applied "in the settlement of pending and future FLSA claims filed with GAO by federal employees." The GAO concluded that 29 U.S.C. § 255 was "another law"—and thus an exception to the six-year limitation period in 31 U.S.C. § 3701(b)(1)(A).

---

2. The GAO's authority to settle federal employees' compensation claims has since been transferred to the Office of Personnel Management. *See* 31 U.S.C.A. § 3702(a)(2) (West Supp.1998).

3. One of the purposes of the Portal–to–Portal Act, enacted in response to *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), was to substitute a uniform federal limitations period for the diverse periods provided under state law. *See Carter v. Panama Canal Co.,* 463 F.2d 1289, 1293 (D.C.Cir.1972).

4. In doing so, the GAO also overruled *In re Henry G. Tomkowiak,* 67 Comp. Gen. 247 (1988), and *In re Federal Firefighters,* 68 Comp. Gen. 681 (1989), which had applied the six-year statute of limitations.

On July 1, 1994, Senator Sarbanes introduced legislation intended, he said, "to reverse a very destructive ruling by the General Accounting Office to apply a retroactive change in the statute of limitations from 6 years to 2 years for Federal employees to file back pay claims under" FLSA. 140 CONG. REC. S8400 (July 1, 1994). As enacted on September 30, 1994, § 640 of the Treasury, Postal Service and General Government Appropriations Act of 1995, Pub.L. No. 103–329, 108 Stat. 2383, 2432, provided:

> In the administration of Section 3702 of title 31, United States Code, the Comptroller General of the United States shall apply a 6–year statute of limitations to any claim of a Federal Employee under the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 *et seq.*) for claims filed before June 30, 1994.

Senator Sarbanes added that while "the underlying question regarding the appropriate length of the statute of limitation for FLSA claims is one of continuing debate ... under no circumstances should GAO apply the proposed change retroactively." 140 CONG. REC. S8400.

In what was apparently its first decision after passage of § 640, the GAO applied a six-year statute of limitations to claims filed on May 22, 1989, and pending before it as of June 30, 1994. *See In re Molly D. Kinsley,* 1995 WL 9720 (Jan. 9, 1995). The GAO explained that § 640 "obviates the need for us to discuss the effect, if any, of *Joseph M. Ford.* ... In light of section 640, the *Ford* holding is applicable only to claims filed on or after June 30, 1994." *Id.* at n. 7.

. Meanwhile, counsel for the employees again contacted the GAO and requested a meeting to resolve pending claims in light of § 640. The GAO acknowledged that "the Act of Congress has modified our *Ford* decision" but pointed out that "our regulations require that the agency from which the claim originated shall initially adjudicate the claim.

*See* 4 C.F.R. § 31.4 (1994)." [5] Counsel then brought their clients' claims to the attention of the employing agencies, each of which responded that § 640 gave specific authority to apply a six-year statute of limitations *only* to the Comptroller General and that the agencies themselves were without statutory authority to do so. Counsel appealed these denials to the GAO, but the GAO did not respond. However, with regard to an unrelated FLSA case, the GAO informed the Personnel Director of the U.S. Customs Service that it did "not intend to issue a decision in *Marvin B. Atkinson* ... until the Treasury, Postal Service, and General Government Appropriations Bill, 1996 ... is enacted (because of the possible retroactive repeal of § 640)."

In November 1995, Congress amended § 640 to state:

> This section shall not apply to any claim where the employee has received any compensation for overtime hours worked during the period covered by the claim under any other provision of law, including, but not limited to, 5 U.S.C. 5545(c), or to any claim for compensation for time spent commuting between the employee's residence and duty station.

Pub.L. No. 104–52, 109 Stat. 468. Introducing this amendment, Representative Lightfoot said that the GAO, in its 1978 decision, "made a mistake and established regulations stating that Federal employees can get up to 6 years back pay for overtime claims" under the FLSA. The GAO discovered and corrected "its mistake," but then the 103rd Congress "reversed GAO, and passed a law allowing Federal workers to get up to 6 years back pay. The problem is that this act will cost as much as $460 million.... The conferees were faced with a choice—either pay hundreds of millions for work done many years ago ... or give the Federal workers the same rights as their private sector counterparts.... [W]e included language providing for the same treatment for public and

---

5. 4 C.F.R. § 31.4 provides in part:

> A claimant should file his or her claim with the administrative agency or department out of whose activities the claim arose. The agency shall initially adjudicate the claim. If the claimant is not satisfied with the agency's

> determination, he or she may appeal that determination to the Claims Group, General Accounting Office. Claims which cannot be resolved by the department or agency shall be transmitted to the Claims Group, General Accounting Office, for resolution.

private workers ... not just because it costs a lot of money, but because it is fair." 141 CONG. REC. H12376 (Nov. 15, 1995).

After the amendment of § 640, the GAO decided *Atkinson,* a case in which the plaintiffs here had been granted leave to intervene. *In re Marvin B. Atkinson,* 1996 WL 31212 (Jan. 29, 1996). Atkinson's claim had been filed on January 1, 1994, and sought compensation for the time he spent traveling between home and work while driving a government vehicle. Atkinson's employing agency denied his claim after the GAO decided *Ford;* he based his administrative appeal on the original § 640. The GAO held that "the November 19, 1995 amendment to section 640 effectively reestablishes the two-year statute of limitations for any claim where the employee has received overtime pay under any other law or any claim for time spent commuting. We see no basis for the assertion that this amendment does not apply to Mr. Atkinson's claim." *Id.*

On October 27, 1995—before passage of the amendment to § 640 or the GAO's decision in *Atkinson*—plaintiffs brought this action in district court seeking "mandamus and injunctive and declaratory relief." The complaint challenged *Ford*'s adoption of a shortened, retroactive statute of limitation; the GAO's insistence that plaintiffs bring their claims before their respective agencies; the refusal of those agencies to grant the claims; and the GAO's refusal to pass on their appeals. In Supplemental Complaints dated December 13, 1995, and January 29, 1996, plaintiffs added the amendment to § 640 and the GAO's decision in *Atkinson* to their list of requests for declaratory relief.

■■■ Plaintiffs alleged that the GAO's decision in *Ford* and the amendment to § 640 had offended due process. They asserted property interests in their back pay claims before the GAO and in their earned but unpaid compensation.[6] On October 10, 1996, the district court (Judge June L. Green) granted defendants' motion for summary judgment. The court later denied plaintiffs' motion for reconsideration. Our review of a grant of summary judgment is de novo. With one exception, we shall affirm the district court's judgment substantially for the reasons stated in the court's thorough and well-reasoned opinion.[7]

■■■ The district court held that the GAO's prior application of a six-year statute of limitations had been an error. *Adams v. Bowsher,* 946 F.Supp. 37, 42 (D.D.C.1996). It decided that plaintiffs had no property interest in their pending administrative claims because "a cause of action ... affords no definite or enforceable property right until reduced to a final judgment." *Id.* at 41 (quoting *Austin v. City of Bisbee, Arizona,* 855 F.2d 1429, 1436 (9th Cir.1988)). *See also Sowell v. American Cyanamid Co.,* 888 F.2d 802, 805 (11th Cir.1989); *Hammond v. United States,* 786 F.2d 8 (1st Cir.1986). Without reaching the issue whether enactment of the original § 640 gave certain plaintiffs property rights in their unpaid overtime, we agree with the district court that any such property interest could be extinguished so long as the retroactive economic legislation met the guarantees of due process. *See General Motors Corp. v. Romein,* 503 U.S. 181, 191, 112 S.Ct. 1105, 117 L.Ed.2d 328 (1992). Analyzing the legislative history of the amendment to § 640, the district court found that the statute had a "legitimate legislative purpose which was furthered by rational means." 946 F.Supp. at 44 (relying on *Pension Bene-*

---

**6.** On appeal, plaintiffs also maintain that they have a property interest in the statute of limitations itself. Brief for Appellants at 45. They cite no support for the assertion of such an interest and we are aware of none. As explained earlier, the amount of overtime that plaintiffs can claim is limited by the governing statute of limitations. Thus the two are essentially the same and the same analysis applies.

**7.** Appellees have moved to strike section III of plaintiff-appellants' reply brief on the ground that it raised issues not advanced in their open-

ing brief. Plaintiffs there contended for the first time that the Back Pay Act, 5 U.S.C. § 5596, and the Civil Service Reform Act, 5 U.S.C. § 7121(a), display congressional intent to treat federal and private sector employees differently. *See* Reply Brief for Appellants at 10–13. It is our practice not to consider any issue "raised for the first time in a reply brief," a point at which the opposing side has no opportunity to respond. *See Rollins Environmental Servs., Inc. v. EPA,* 937 F.2d 649, 652 n. 2 (D.C.Cir.1991). We grant the motion to strike.

*fit Guaranty Corp. v. R.A. Gray & Co.,* 467 U.S. 717, 730, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984) and *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 15, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976)). The court emphasized that Representative Lightfoot's statement indicated a desire to promote fairness and to equate "the rights enjoyed by federal employees to those of private sector employees." 946 F.Supp. at 43.

■ As for plaintiffs' equal protection claim, the district court determined that plaintiffs and the *Kinsley* claimants, whose claims had been subject to a six-year statute of limitations, were not similarly situated. *Id.* at 45. Unlike the claimants in *Kinsley,* plaintiffs did not have a sufficiently developed factual record for their claims to be processed by the GAO prior to the enactment of the amendment. In addition, plaintiffs charged that the GAO violated the Administrative Procedure Act in deciding *Ford* and in failing to handle their cases in a timely fashion—*i.e.,* before § 640 was amended. Such claims were moot, the district court concluded, because Congress "had impliedly adopted the two or three-year limitation period" and the amendment "passe[d] constitutional muster." 946 F.Supp. at 45. Thus the *Ford* and *Atkinson* decisions were valid and it was beyond the power of the court to compel the GAO to apply a longer statute of limitations.

While we therefore are in general agreement with the district court, we cannot affirm the portion of the court's decision holding that plaintiffs' "property" had not been taken without just compensation, in violation of the Fifth Amendment to the Constitution. *See Adams,* 946 F.Supp. at 44. Applying the test for a compensable taking set forth in *Connolly v. Pension Benefit Guaranty Corp.,* 475 U.S. 211, 224–25, 106 S.Ct. 1018, 89 L.Ed.2d 166 (1986), the district court concluded that any economic impact on individual plaintiffs was slight, that the amended § 640 did not

"unduly interfere with a distinct investment-backed expectation," and that "the nature of the action taken by Congress is not inconsistent with the purpose behind the takings clause." 946 F.Supp. at 44.

■ Repeating the argument they made below, plaintiffs argue that "deprivation of [their] previously earned FLSA wages constitutes an unlawful taking of [their] labor without just compensation under the Fifth Amendment." Brief for Appellants at 19. We are without jurisdiction to decide this claim. The usual remedy for unconstitutional takings is "a suit for money damage (i.e., the 'just compensation' that the Constitution assures) under the Tucker Act in the Court of Federal Claims, 28 U.S.C. § 1491...."[8] *Student Loan Marketing Ass'n v. Riley,* 104 F.3d 397, 401 (D.C.Cir.1997). "Except in cases in which the amount in controversy is less than $10,000, in which event jurisdiction is concurrent with the federal district courts, *see* 29 U.S.C. § 1346(a)(2), the Federal Claims Court's jurisdiction in such actions is exclusive." *Railway Labor Executives' Ass'n v. United States,* 987 F.2d 806, 816 (D.C.Cir.1993). While there may be certain exceptions "involv[ing] mandates of direct transfers of money to the government," *see Student Loan Marketing Ass'n,* 104 F.3d at 401 (quoting *In re Chateaugay Corp.,* 53 F.3d 478, 493 (2d Cir.1995)), they are not applicable here. At oral argument, counsel for the plaintiffs represented that each of their individual claims amounted to more than $10,000. If that were true, the district court would not have had jurisdiction to hear the taking claim in the first place. Even if each back pay claim were less than $10,000 and jurisdiction was based on the "Little Tucker Act" (28 U.S.C. § 1346(a)(2)), the United States Court of Appeals for the Federal Circuit—not us—would have exclusive jurisdiction over the appeal. *See* 28 U.S.C. § 1295(a)(2). Either way then, plaintiffs' taking claim is not prop-

---

**8.** In relevant part 28 U.S.C. § 1491(a)(1) provides:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any

Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

erly before us.[9] We therefore remand the takings issue to the district court for a determination of whether jurisdiction was proper under the Little Tucker Act, 28 U.S.C. § 1346(a)(2).

For the reasons stated above, the district court's grant of summary judgment is affirmed in part and reversed and remanded in part.

*So ordered.*

**9.** After oral argument, the parties called our attention to two recently decided cases—*National Treas. Employees Union & Federal Deposit Ins. Corp.*, 53 F.L.R.A. No. 134 (Feb. 27, 1998); and *Eastern Enterprises v. Apfel,* —— U.S. ——, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998) (plurality opinion). Neither decision affects the outcome of this case. *National Treasury Employees Union* appears to support the reasoning of the district court. In *Eastern Enterprises,* four Justices concluded that it was within the district court's power to award equitable relief for a claim arising under the Takings Clause. *See* —— U.S. at —— , 118 S.Ct. at 2145 (quoting *In re Chateaugay Corp.*, 53 F.3d at 493). Unlike *Eastern Enterprises*, plaintiffs here are not threatened with a taking by a "challenged statute" that "requires a direct transfer of funds" from them to the government. *See id.* Rather, they seek compensation from the government for unpaid overtime. The only effect of a longer statute of limitations would be to grant plaintiffs more money. Thus the circumstances found to support district court jurisdiction in *Eastern Enterprises* do not exist in this case.