George R. ARMSTRONG, et al., Plaintiffs,

v.

Katherine ARCHULETA, Director, Office of Personnel Management, et al., Defendants.

Civil Action No. 13-392 (RMC)

United States District Court, District of Columbia.

Signed February 6, 2014

Edgar N. James, James & Hoffman, P.C., Jules Bernstein, Bernstein & Lipsett PC, Washington, DC, for Plaintiffs.

Wynne Patrick Kelly, U.S. Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION

ROSEMARY M. COLLYER, United States District Judge

Six former federal criminal investigators and Gulf War veterans sue Katherine Archuleta,[1] Director of the Office of Personnel Management (OPM), under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), alleging that OPM wrongfully applied a two-year statute of limitations and denied claims for overtime pay as time-barred. Compl. [Dkt. 1] ¶ 33. From April 17, 1990 to June 23, 1994, Plaintiffs

filed claims for overtime pay under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–214, in the U.S. Court of Federal Claims and the Government Accountability Office (GAO). Compl. ¶ 19. The parties have briefed whether GAO had statutory authority to adjudicate FLSA claims and whether Plaintiffs were entitled to a five-year statute of limitations under the Barring Act, 31 U.S.C. § 3702(b)(2) (providing a five-year limitations period for "member[s] of the armed forces"). The parties also have addressed whether the Barring Act, as amended by Section 640 of the Treasury, Postal Service and General Government Appropriations Act of 1995 (Treasury Appropriations Act), Pub. L. 103–329, 108 Stat. 2382 (1994), imposed a two-year limitations period on all FLSA claims, including those brought by war veterans.

But what the parties have failed to mention is that this case already has been litigated in the U.S. District Court for the District of Columbia, see *Adams v. Bowsher*, 946 F.Supp. 37 (D.D.C.1996), and the U.S. Court of Appeals for the D.C. Circuit, see *Adams v. Hinchman*, 154 F.3d 420 (D.C.Cir.1998). Indeed, those cases recounted the same legislative history and challenged GAO's refusal to apply a six-year statute of limitations under the Barring Act, 31 U.S.C. § 3702(b)(1)(A). *Hinchman*, 154 F.3d at 421–25. Because Plaintiffs had an opportunity to litigate GAO's authority and their entitlement to a five-year statute of limitations, this action is barred. Hence, the Court will grant Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and deny Plaintiffs' cross-motion for summary judgment.

1. Katherine Archuleta was sworn in as Director of the Office of Personnel Management in November 2013; she is automatically substituted for former Director John Berry. *See* Fed. R. Civ. P. 25(d).

## I. LEGAL STANDARD

██ The doctrine of *res judicata*, or claim preclusion, bars the court from hearing "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 131 S.Ct. 1723, 1730, 179 L.Ed.2d 723 (2011) (citation and internal quotation marks omitted). The doctrine bars a subsequent lawsuit if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. *Smalls v. United States*, 471 F.3d 186, 192 (D.C.Cir.2006). *Res judicata* prevents the relitigation of claims that were actually litigated in a prior suit and those that could have been litigated but were not. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Drake v. FAA*, 291 F.3d 59, 66 (D.C.Cir. 2002) (*Res judicata* bars the relitigation of " 'issues that were or *could have been raised* in [the prior] action' ") (quoting *Allen*, 449 U.S. at 94, 101 S.Ct. 411); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C.Cir.1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). Thus, it relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, prevents inconsistent decisions, and encourages reliance on adjudication. *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

## II. ANALYSIS

██ Plaintiffs were litigants in the *Adams* cases and therefore were parties to the prior action against GAO and OPM.[2] *See, e.g.*, Compl., Ex. 1 (Armstrong Final OPM Decision) [Dkt. 1-1] at 4 ("At issue is the statute of limitations applicable to those *Adams* plaintiffs who were called into the Reserves or National Guard during Operation Desert Storm/Shield.").[3] In *Adams v. Bowsher*, Plaintiffs challenged the "shortened, retroactive statute of limitation; the GAO's insistence that plaintiffs bring their claims before their respective agencies; the refusal of those agencies to grant the claims; and the GAO's refusal to pass on their appeals." *Hinchman*, 154 F.3d at 424. In Supplemental Complaints, Plaintiffs added claims related to Section 640 of the Treasury Appropriations Act and its impact on the Barring Act's six-year limitations period. *See id.* The District Court granted summary judgment in 1996. *Id.* In 1998, the D.C. Circuit affirmed in part and reversed and remanded in part. *Id.* at 424–25. Thus, Plaintiffs already challenged the denial of their FLSA claims based on a two-year statute of limitations. *See Hinchman*, 154 F.3d at 424 ("Plaintiffs alleged that the GAO's decision ... and the amendment to § 640 had offended due

---

**2.** In the prior action, Defendants were OPM; GAO; the Comptroller General; Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); Assistant Director of ATF; Drug Enforcement Administration (DEA); Deputy Assistant Administrator of DEA; Internal Revenue Service (IRS); National Director of Personnel for IRS; U.S. Customs Service; Assistant Chief Counsel of the U.S. Customs Service; U.S. Secret Service; Chief of the Personnel Division of the U.S. Secret Service; Department of Justice; and Depart-

ment of Treasury. *See Adams v. Bowsher*, No. 95-2015 (D.D.C. filed Oct. 27, 1995).

**3.** All Plaintiffs in this action received identical letters from OPM, which included the same reference to the *Adams* litigation. *See* Compl., Ex. 2 (Baldwin Final OPM Decision) [Dkt. 1-2] at 4; *id.* Ex. 3 (Dillow Final OPM Decision) [Dkt. 1-3] at 4; *id.* Ex. 4 (Gellick Final OPM Decision) [Dkt. 1-4] at 4; *id.* Ex. 5 (Grundberg Final OPM Decision) [Dkt. 1-5] at 4; *id.* Ex. 6 (Johnson Final OPM Decision) [Dkt. 1-6] at 4.

process."). While Plaintiffs did not specifically argue for a five-year statute of limitations as war veterans, *res judicata* bars the relitigation of " 'issues that were or *could have been raised* in [the prior] action.' " *Drake v. FAA*, 291 F.3d at 66 (quoting *Allen*, 449 U.S. at 94, 101 S.Ct. 411). Therefore, the elements of same claim, same parties, and final judgment on the merits by a court of competent jurisdiction are present to warrant dismissal of this action on the ground of *res judicata.*

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss [Dkt. 14], deny Plaintiffs' Motion for Summary Judgment [Dkt. 19], and dismiss this action as barred under the doctrine of *res judicata.* A memorializing Order accompanies this Opinion.