# United States Court of Appeals for the Federal Circuit

---

**SIMON A. SOTO, ON BEHALF OF HIMSELF AND ALL OTHER INDIVIDUALS SIMILARLY SITUATED,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES,**
*Defendant-Appellant*

---

2022-2011

---

Appeal from the United States District Court for the Southern District of Texas in No. 1:17-cv-00051, Judge Rolando Olvera, Jr.

---

Decided:  February 12, 2024

---

JOHNNET SIMONE JONES, Sidley Austin LLP, Washington, DC, argued for plaintiff-appellee.  Also represented by ANKUR SHINGAL, EMILY MILY WEXLER, Chicago, IL; ROCHELLE BOBROFF, RENEE A. BURBANK, BARTON FRANK STICHMAN, I, National Veterans Legal Services Program, Arlington, VA.

JENNIFER UTRECHT, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC,

argued for defendant-appellant.    Also represented by
BRIAN M. BOYNTON, CHARLES W. SCARBOROUGH.

———————————

Before REYNA, HUGHES, and STARK, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* HUGHES.

Dissenting opinion filed by *Circuit Judge* REYNA.

The government appeals a decision from the United
States District Court for the Southern District of Texas
holding that the six-year statute of limitations in the Bar-
ring Act, 31 U.S.C. § 3702, does not apply to claims for un-
paid combat-related special compensation governed by 10
U.S.C. § 1413a. Because we conclude that the district court
erred by holding that the Barring Act did not apply to the
settlement of those claims, we **reverse** the district court's
grant of summary judgment and **remand** for further pro-
ceedings consistent with this opinion.

I

A

Under 38 U.S.C. §§ 5304–05, retired veterans gener-
ally may not receive both their retired pay and VA disabil-
ity compensation and must waive a portion of their military
retired pay to receive disability pay. However, retired vet-
erans who establish that their disability is attributable to
a combat-related event may receive additional compensa-
tion (combat-related special compensation, or CRSC) up to
the amount of waived retired pay. 10 U.S.C. § 1413a (the
CRSC statute).

Before January 1, 2008, CRSC was only available to
veterans who had completed at least twenty years of mili-
tary service. *See* National Defense Authorization Act for
Fiscal Year 2008, Pub. L. No. 110-181, div. A, tit. VI, § 641,
122 Stat. 3, 156. But effective January 1, 2008, Congress
expanded eligibility to retirees with fewer than twenty

years of military service if they were medically retired under 10 U.S.C. §§ 1201–22. 10 U.S.C. § 1413a(b)(3)(B).

The CRSC statute directs the Secretary of Defense to "prescribe procedures and criteria under which a disabled uniformed services retiree may apply" for CRSC. *Id.* § 1413a(d). As part of these procedures, a service member must elect to receive CRSC, and the appropriate military department will determine whether the service member is eligible (which, generally, requires being in retired status and having a combat-related disability rated at least 10%). Department of Defense Financial Management Regulation, DoD 7000.14-R, vol. 7B, ch. 63, at 63-7. CRSC can be granted retroactively, and agency regulations state that retired service members "may submit an application for CRSC at any time" and CRSC will be paid "for any month after May 2003 for which all conditions of eligibility were met, *subject to any legal limitations.*" *Id.* at 63-6 (emphasis added).

Section 3702 of title 31, known as the Barring Act, provides a mechanism for settling[1] military-related claims against the government that are not covered in other statutory provisions. In particular, the Secretary of Defense has authority to settle all "claims *involving* uniformed service members' pay, allowances, travel, transportation, payments for unused accrued leave, retired pay, and survivor

---

[1] "Settling" a claim "means to administratively determine the validity of that claim." *See Adams v. Hinchman*, 154 F.3d 420, 422 (D.C. Cir. 1998) (quoting U.S. General Accounting Office, *Principles of Federal Appropriations Law* 11-6 (1982) and citing *Illinois Sur. Co. v. United States ex rel. Peeler*, 240 U.S. 214, 219 (1916) ("The word 'settlement,' in connection with public transactions and accounts, has been used from the beginning to describe administrative determination of the amount due.")).

benefits." 31 U.S.C. § 3702(a)(1)(A) (emphasis added). As relevant here, the Barring Act contains a six-year statute of limitations. 31 U.S.C. § 3702(b)(1) (providing that all claims falling within the scope of the statute "must be received by the official responsible . . . within 6 years after the claim accrues"). The Secretary of Defense can waive the statute of limitations for claims not in excess of $25,000 as long as a waiver is requested. 31 U.S.C. § 3702(e)(1), (3); *see also* Procedures for Settling Personnel and General Claims and Processing Advanced Decision Requests, DoD Instruction 1340.21, enclosure 6, ¶ 6.4 (outlining procedure permitting a claimant to apply for a waiver of the statutory time limit where a claim was untimely).

## B

With that background in mind, we turn to the facts of this case. Simon A. Soto is a retired member of the United States Marine Corps with a combat-related disability rated at least 10%. He was medically retired from active duty in April 2006 with less than twenty years of military service. Although he was eligible for CRSC as of June 2009 (when he received his disability rating), he did not apply until June 2016. At that time, the Navy informed Mr. Soto that his claim was limited under the Barring Act, and as a result, he received six years of retroactive CRSC payments, dating back to roughly July 2010. Mr. Soto did not request a waiver of the statutory time limit under § 3702(e)(1).

Mr. Soto filed a class action lawsuit[2] in the Southern District of Texas under 28 U.S.C. § 1346(a)(2) (the Little Tucker Act) on behalf of himself and others similarly

---

[2]    The other plaintiffs in this class are similarly situated: they have all received six years of retroactive CRSC payments but were eligible for CRSC for more than six years before they applied. None of the class members applied for a waiver of the statutory time limit.

situated, arguing that the Barring Act does not apply to settling claims for CRSC. Mr. Soto claimed that, based on Congress's expansion of CRSC to veterans with less than twenty years of military service, he was entitled to compensation dating back to the effective date of the amended statute, or January 1, 2008, rather than July 2010, six years prior to his application for CRSC.

The government moved for judgment on the pleadings, which the district court denied. In denying the motion, the district court held that the Barring Act did not apply to the settlement of CRSC claims because the CRSC statute was a "specific" statute that superseded the terms of the Barring Act. *See Morton v. Mancari*, 417 U.S. 535, 550–51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."); *Hernandez v. Dep't of Air Force*, 498 F.3d 1328, 1332 (Fed. Cir. 2007) (holding that the Barring Act's "general background provisions restricting recovery against the government" were "inapplicable" because of the more specific period of recovery in the Uniformed Services Employment and Reemployment Rights Act). The district court also applied the pro-veteran canon of statutory interpretation to hold that the Barring Act did not apply. *See Brown v. Gardner*, 513 U.S. 115, 117–18 (1994) ("[I]nterpretive doubt is to be resolved in the veteran's favor."). The district court later granted summary judgment in favor of the class for the same reasons.

The government appealed, asking us to consider whether the six-year statute of limitations in the Barring Act applies to settling claims for CRSC. We have jurisdiction under 28 U.S.C. § 1295(a)(2).

## II

Because there are no disputed issues of fact and the only question on appeal is the proper interpretations of the

Barring Act and the CRSC statute, we review the district court's grant of summary judgment de novo. *Massie v. United States*, 166 F.3d 1184, 1187 (Fed. Cir. 1999).

## III

The government argues that the district court erred in holding that the Barring Act does not apply to the settlement of CRSC claims because the CRSC statute does not contain its own settlement mechanism that displaces the Barring Act. We agree.

The district court held that the CRSC statute "provides its own settlement mechanism because it defines eligibility for CRSC, helps explain the amount of benefits and instructs the Secretary of Defense to prescribe procedures and criteria for [prospective claimants] to apply for CRSC." J.A. 5. But establishing eligibility for CRSC payments does not confer settlement authority independent of the Barring Act. *See* U.S. General Accounting Office (GAO), GAO-08-978SP, *Principles of Federal Appropriations Law* 14-25 n.54 (2008) (GAO Red Book) ("While section 3702 provides an independent administrative claims handling procedure, it does not provide an independent basis for paying claims."). To confer settlement authority and displace the Barring Act, a statute must explicitly grant an agency or entity the authority to settle claims. *See, e.g.*, *Honorable Slade Gorton*, B-215494, 1984 WL 46509, at *2 (Comp. Gen. Sept. 4, 1984) (explaining that "[t]he head of the Federal agency or department concerned is *specifically authorized* by statute to settle administratively claims brought under" the Military Claims Act or Federal Tort Claims Act (emphasis added)); GAO Red Book 14-20–14-22 (describing claims settlement and listing specific statutes that allow agencies to administratively settle claims).

For example, settlement claims brought pursuant to the FTCA are not subject to the Barring Act because the FTCA explicitly provides that the heads of federal agencies

have the right to "consider, ascertain, adjust, determine, compromise, and *settle any claim* for money damages" falling within the scope of the statute. 28 U.S.C. § 2672 (emphasis added). The FTCA further allows agencies to use various means of adjudication, such as arbitration or alternative dispute resolution, to settle claims. *Id.* § 2672 ("Each Federal agency may use arbitration, or other alternative means of dispute resolution under the provisions of subchapter IV of chapter 5 of title 5, to settle any tort claim against the United States . . . ."). Similarly, the Military Claims Act provides the Secretary of Defense the authority to "*settle*, and pay in an amount not more than $100,000, a claim against the United States" that falls within the purview of that statute. 10 U.S.C. § 2733(a) (emphasis added).

By contrast, the CRSC statute conveys no such authority—it only establishes who may be *eligible* for CRSC payments, not *how* claimants can have those claims settled. *See id.* § 1413a (providing the Secretary authority to, among other things, "*pay* to each eligible combat-related disabled uniformed services retiree who elects benefits" but not mentioning settlement (emphasis added)); *see also Illinois Sur. Co.*, 240 U.S. at 218–19 ("The pivotal words are not 'final payment,' but 'final settlement,' and in view of the significance of the latter term in administrative practice, it is hardly likely that it would have been used had it been intended to denote payment."). A statute setting out who is eligible for payment is not the same as a statute establishing how eligible claims may be settled. Without specific language authorizing the Secretary of Defense to *settle* a claim—which will typically be done by use of the term "settle"—the CRSC statute cannot displace the Barring Act, unless another statute provides a "specific" provision setting out the period of recovery. *See Hernandez*, 498 F.3d at 1331–32. As we have explained, the CRSC statute does not meet either of these requirements.

The dissent focuses on our allegedly narrow understanding of a "claim" and "settlement." Dissenting Op. 3, 7–8. The dissent would read the CRSC statute to permit the Secretary to settle claims, thereby displacing the Barring Act's six-year statute of limitations, because it defines which veterans are eligible for CRSC (10 U.S.C. § 1413a(c)), provides that the Secretary "shall pay" CRSC to eligible veterans (*id.* § 1413a(a)) in a certain amount (*id.* § 1413a(b)), and designates the source of payments (*id.* § 1413a(h)). Dissenting Op. 3–5. But these provisions establish a veteran's *substantive* right to CRSC and authorize its payment. They do not authorize the Secretary to "administratively determine the validity" of a claim. *Adams*, 154 F.3d at 422 (citation omitted). The CRSC statute lacks the sort of clear language authorizing the Secretary to settle CRSC claims sufficient for an exception to the Barring Act.[3]

Mr. Soto argues that the DoD's Program Guidance suffices to displace the Barring Act's statute of limitations because it explains that a veteran "may submit an application for CRSC" and will be paid "for any month after May 2003, for which all conditions of eligibility were met." Appellee's Br. 24 (quoting the Department of Defense's 2004 Program Guidance). But this program guidance cannot grant settlement authority where, by statute, there is none. The program guidance Mr. Soto cites does nothing more than authorize the agency to grant retroactive payments, which is already authorized in the CRSC statute.

---

[3]    The dissent would also rely on the pro-veteran canon to resolve what it views as interpretive doubt about the meaning of the CRSC statute. Dissenting Op. 5 n.4 (citing *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991)). We need not reach the pro-veteran canon because there is no interpretative doubt to resolve.

Mr. Soto also contends that the Barring Act should not apply to the CRSC statute because 31 U.S.C. § 3702(a)(1) only applies to claims involving "retired pay," and paragraph (g) of the CRSC statute specifies that "[p]ayments under this section are not retired pay." Appellee's Br. 13. This is unpersuasive. The Barring Act extends to claims *involving* retired pay—there can be no dispute that the CRSC statute "involves" retired pay, because the amount of compensation awarded under the CRSC statute is dependent upon the amount of retired pay a service member may receive. 31 U.S.C. § 3702(a)(1)(A) ("The Secretary of Defense shall settle . . . *claims involving* uniformed service members' pay, allowances, travel, transportation, payments for unused accrued leave, *retired pay*, and survivor benefits." (emphasis added)); 10 U.S.C. § 1413a(b)(3)(B) (providing "the amount of the payment under paragraph (1) for any month may not, *when combined with the amount of retired pay* payable to the retiree . . . cause the total of such combined payment to exceed the amount equal to the retired pay percentage" (emphasis added)). And even if the CRSC statute somehow did not "involve" retired pay, paragraph (a)(1) of the Barring Act only sets forth which agency is responsible for adjudicating claims: subparagraph (a)(4) confers authority to the Office of Management and Budget to settle all other claims not covered by paragraphs (a)(1)–(3), meaning that, if Mr. Soto's argument is accepted, it would only change *which agency* settles CRSC claims, not the applicable statute of limitations. 31 U.S.C. § 3702(a).

Finally, Mr. Soto argues that the statute of limitations in the Barring Act should be tolled because we have been continuously at war since 1990 and 31 U.S.C. § 3702(b)(2) provides that a claim brought by a "member of the armed forces [which] accrues during war or within 5 years before war begins" is tolled until "5 years after peace is established." This argument lacks merit. The phrase "member of the armed forces" in the current Barring Act replaced the

phrase "person serving in the military or naval forces of the United States" in the prior version of the Barring Act. Pub. L. No. 97-258, § 3, 96 Stat. 877, 970 (repealing the prior version of the Barring Act, then codified at 31 U.S.C. § 71a, and recodifying the Act at 31 U.S.C. § 3702); *see also* H.R. Rep. No. 97-651, at 131 (1982) ("In subsection (b)(2), the words 'member of the armed forces' are substituted for 'person serving in the military or naval forces of the United States' for consistency with title 10."). The now-operative enacted public law expressly states that the recodification "may not be construed as making a substantive change in the laws replaced." Pub. L. No. 97-258, § 4(a), 96 Stat. at 1067; *see also id.* § 1, 96 Stat. at 877 ("An Act [t]o revise, codify, and enact without substantive change certain general and permanent laws."). Thus, the term "member of the armed forces" in 31 U.S.C. § 3702(b)(2) still refers only to service members who are on active duty during times of war.

Indeed, the DoD has consistently interpreted that language to apply only to service members who are on active duty during times of war. *See Charles V. Waldron*, 59 Comp. Gen. 463, 463 (1980) ("The exception to the 6-year statute of limitations . . . tolling the running of the 6-year period for members of the armed forces in wartime, is applicable only to members on active duty."); *id.* at 464 ("[I]f an individual serving in the armed services had a claim which accrued during war or his claim accrued and subsequently war broke out, such individual is granted additional time following the establishment of peace to file a claim because of the *potential inability to file because of his duties in wartime.*" (emphasis added)). Plaintiffs offer no persuasive reason why we should interpret the Barring Act differently. If we were to accept Mr. Soto's argument here, that would mean that all claims for any kind of military compensation, brought by any service member, would be indefinitely tolled until the Persian Gulf War is officially ended. We decline to interpret the statute so broadly.

Accordingly, we hold that the Barring Act applies to settlement claims regarding CRSC because the CRSC statute does not explicitly provide its own settlement mechanism and these claims are therefore subject to the settlement mechanisms laid forth in the Barring Act. And as relevant here, we hold that the six-year statute of limitations contained in the Barring Act applies to CRSC settlement claims.[4]

IV

We have considered the remainder of Mr. Soto's arguments and find them unpersuasive. Accordingly, we **reverse** the district court's grant of summary judgment, and **remand** to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

COSTS

No costs.

---

[4] The dissent characterizes our decision as "den[ying] benefits to a highly-deserving class of veterans," Dissenting Op. 8, but veterans will receive the benefits they are owed unless they accrued outside of the Barring Act's six-year period of recovery. And even for those outside the limitations period, a veteran may request that the Secretary waive the time limitation as long as their claim is not in excess of $25,000. 31 U.S.C. § 3702(e).

# United States Court of Appeals
# for the Federal Circuit

---

**SIMON A. SOTO, ON BEHALF OF HIMSELF AND
ALL OTHER INDIVIDUALS SIMILARLY
SITUATED,**

*Plaintiff-Appellee*

**v.**

**UNITED STATES,**

*Defendant-Appellant*

---

2022-2011

---

Appeal from the United States District Court for the Southern District of Texas in No. 1:17-cv-00051, Judge Rolando Olvera, Jr.

---

REYNA, *Circuit Judge*, dissenting.

Today, the majority holds that Mr. Soto and other similarly-situated veterans injured as a result of combat cannot recover more than six years of retroactive Combat-Related Special Compensation (CRSC). I believe that the CRSC statute addresses the settlement of claims against the government and displaces the Barring Act's six-year statute of limitations. I would affirm the lower court decision finding that the Barring Act does not apply to CRSC claims.

I respectfully dissent.

By its own terms, the Barring Act and its six-year statute of limitations can be superseded. The Barring Act's statute of limitations does not apply to limit the available compensation if "another provision of law" addresses how "claims of or against the United States Government shall be settled." 31 U.S.C. § 3702(a)(4); *see also id.* § 3702(a); *see, e.g.*, *Hernandez v. Dep't of Air Force*, 498 F.3d 1328, 1332 (Fed. Cir. 2007). As demonstrated below, the CRSC statute is another provision of law that addresses how claims of or against the United States government shall be settled.

In considering the limits on the Barring Act's applicability when settling a government claim, it is important to address what it means to "settle" a "claim" against the United States. As the district court recognized, there is no dispute in this case regarding what it means to "settle" such a claim. *Soto v. United States*, No. 1:17-CV-00051, 2021 WL 7286022, at \*2 & n.2 (S.D. Tex. Dec. 16, 2021). "[T]o settle a claim means to administratively determine the validity of that claim." *Adams v. Hinchman*, 154 F.3d 420, 422 (D.C. Cir. 1998) (internal quotations omitted) (quoting U.S. General Accounting Office (GAO), *Principles of Federal Appropriations Law* 11-6 (1982)); *see also Illinois Sur. Co. v. United States*, 240 U.S. 214, 219 (1916) (defining "settlement" in the context of public transactions).

The meaning of a "claim" itself has also been defined in the federal appropriations context. In *Hobbs v. McLean,* the Supreme Court describes a claim as "a right to demand money from the United States . . . . which can be presented by the claimant to some department or officer of the United States for payment, or may be prosecuted in the court of

claims."[1] 117 U.S. 567, 575 (1886); GAO, *Principles of Federal Appropriations Law* 14-10 (2008).

"Settling a claim," therefore, means administratively determining the validity of the demand for money against the government and the amount of money due. This definition contrasts with a use of the term "settlement" to solely refer to resolving a conflict, often one involving a lawsuit or anticipated lawsuit. And this broader understanding of "settling a claim" deserves more than just the footnote's worth of discussion rendered in the majority opinion. *See* Maj. Op. 3 n.1. Indeed, it must guide any analysis of whether a statute supersedes the Barring Act's six-year statute of limitations.

Here, the CRSC statute permits the government to administratively determine the validity of a veteran's demand for CRSC, as well as the amount of CRSC due to the veteran in retroactive and future monthly compensation. In light of these provisions, the Barring Act does not apply.

First, the CRSC statute defines eligible retirees,[2] including by clarifying what constitutes a "combat-related

---

[1]    Mr. Soto and the class filed their case in district court under the Little Tucker Act, 28 U.S.C. § 1346, which gives the district courts concurrent jurisdiction with the Court of Federal Claims to entertain certain types of monetary claims against the United States for amounts not exceeding $10,000.

[2]    The CRSC statute defines eligible retirees in subsection (c), which states:

> **(c) ELIGIBLE RETIREES.** —For purposes of this section, an eligible combat-related disabled uniformed services retiree referred to in subsection (a) is a member of the uniformed services who—

disability."[3]  10 U.S.C. § 1413a(c), (e).  Veterans thus are informed whether they have a right to demand money under the statute—that is, whether they have a "claim."  *See also id.* § 1413a(d).

Second, the CRSC statute specifically grants the "Secretary concerned" authority to pay eligible retirees "a *monthly amount*" for the combat-related disability covered by the statute.  *Id.* § 1413a(a) (emphasis added).  This grant

---

**(1)** is entitled to retired pay (other than by reason of section 12731b of this title); and

**(2)** has a combat-related disability.

10 U.S.C. § 1413a(c).

[3]    A "combat-related disability" is defined in subsection (e) of the CRSC statute:

**(e) COMBAT-RELATED DISABILITY.**—In this section, the term "combat-related disability" means a disability that is compensable under the laws administered by the Secretary of Veterans Affairs and that—

**(1)** is attributable to an injury for which the member was awarded the Purple Heart; or

**(2)** was incurred (as determined under criteria prescribed by the Secretary of Defense)—

**(A)** as a direct result of armed conflict;

**(B)** while engaged in hazardous service;

**(C)** in the performance of duty under conditions simulating war; or

**(D)** through an instrumentality of war.

*Id.* § 1413a(e).

of authority is not limited to future monthly payments and is directed to more expansive authority for the Secretary to determine an "amount" due to an eligible veteran.

Third, the CRSC statute describes how the Secretary must determine the "monthly amount to be paid." *Id.* § 1413a(b)(1). In other words, it provides instructions on the administrative calculation of the amount due to satisfy an eligible veteran's claim. *See id.* In this regard, while the CRSC statute states that CRSC is not "retired pay," *id.* § 1413a(g), it allows the veteran to maximize the amount of compensation she would receive, including as a result of reductions in retired pay for a particular month, *id.* § 1413a(b). *See also id.* § 1413a(f).

Finally, the CRSC statute specifies the "source of payments" for CRSC. *Id.* § 1413a(h). The statute is careful to specify that members of the Army, Navy, Air Force, Marine Corps, and Space Force will be paid out of the Department of Defense Military Retirement Fund. *Id.* "[A]ny other member for any fiscal year shall be paid out of funds appropriated for pay and allowances payable by the Secretary concerned for that fiscal year." *Id.* These provisions give the Secretary further guidance for administratively providing a veteran with the "monthly amount" due to her, no matter the year in question for which compensation is owed.

By these common and plain terms, the CRSC statute specifies the "settlement" of a "claim" against the government.[4] It therefore takes precedence over the Barring Act,

---

[4] The majority asserts that the pro-veteran canon has no application because there is "no interpretive doubt." Maj. Op. 8 n.3. This statement, however, is belied by the majority's search for "clear language," a requirement that I find to be an expression of doubt. *Id.* at 8. Given this

such that a veteran eligible to receive CRSC is not subject to the Barring Act's six-year statute of limitations. 31 U.S.C. § 3702(a), (a)(4). Instead, an eligible veteran may seek retroactive CRSC back to the original date that she first became eligible for it. And because the majority opinion is incorrect in its conclusion that the Barring Act and its six-year statute of limitations applies, we need not reach the question of whether the Barring Act's wartime exception might otherwise toll that Act's statute of limitations.[5] *See id.* § 3702(b)(2). Instead, it is here that the

---

expression of interpretive doubt as to whether there is "clear language" in the statute under the proper definitions of "settling" and "claim," the pro-veteran canon applies and supports that the Barring Act does not apply given the remedial nature of the CRSC statute. *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991).

[5] Although I reach this conclusion, I note my concerns with the majority's analysis of the Barring Act's wartime exception. There is no dispute that the term "uniformed service *member*" in subsection (a)(1)(A) of the Barring Act applies to both active and retired military personnel. Indeed, the majority finds that this subsection of the Barring Act applies to Mr. Soto's claim for CRSC. *See* Maj. Op. 9. Yet the majority concludes that the similar phrase "*member* of the armed forces" in subsection (b), the wartime exception, only applies to "service members who are on active duty during times of war." *Id.* at 9–10. It bases this conclusion on a non-binding Comptroller General decision interpreting a *prior* version of the Barring Act's wartime exception, as well as on a *general statement* in the legislative history regarding omnibus amendments to a series of statutes, including this provision of the Barring Act. This conclusion relies on inapplicable authority and tenuous evidence that at most support ambiguity in the meaning of the phrase "member" where, again, the

inquiry should end.  *See Paige v. United States*, 159 Fed. Cl. 383, 386–87 (2022); *Soto*, 2021 WL 7286022, at *3 n.3.

The majority opinion concludes that the CRSC statute does not address the settlement of government claims and that the Barring Act's six-year statute of limitations thus applies.  *See, e.g.*, Maj. Op. 7.  To reach its decision, the majority applies an incorrect interpretation of the phrase "settling a claim," creates new requirements for determining when a statute settles a government claim, and ignores the plain language of the CRSC statute itself.

Citing to the Federal Torts Claims Act (FTCA) and the Military Claims Act (MCA), the majority praises their use of the words "settle" and "claim" and faults the CRSC statute for not "convey[ing]" the same "authority."  *Id.* at 6–7.  The majority overlooks that both the FTCA and the MCA involve circumstances where an individual believes that the government or a government representative has *injured* or *caused harm* to the individual or the individual's property.  28 U.S.C. § 2672; 10 U.S.C. § 2733.  These statutes specify how the government can recompense the individual for a "claim" of alleged harm caused by the government, and thus resolve the conflict between the government and the individual through, for example, a "settlement."  They do not involve claims arising from combat related disabilities.  By finding fault with the CRSC statute's language compared to the language of these statutes, the majority effectively turns to a narrower definition of "settling" a "claim."  But "settling a claim" against the government can involve a more general remediation of benefits that is not reflected in these statutes or their use of the word "settle," and the CRSC statute is an example of a statute that provides the Secretary with authority to do so.

---

pro-veteran canon should play a role in its ultimate interpretation.

The majority exacerbates its error by then asserting that "specific language" is required for a statute to *settle* a government claim: a statute should "typically" use the word "settle." Maj. Op. 7. If it does not, the majority contends that it can still settle a claim only if it provides a "specific" provision setting out the period of recovery. *Id.* But the long-understood meaning of "settling" a "claim" against the government includes no such limitations. Raising these new requirements, the majority also raises the bar to a new and unprecedented standard for what a statute must state to supersede the Barring Act. Although a statute involving resolution of conflict may "typically" use the words "settle" and "claim," the majority does not explain why this phrasing should be "typical" for statutes that involve a more general, remedial, administrative determination of eligibility for money from the government and the amount due. And the majority's alternative requirement—that a statute state a "specific" period of recovery—requires a level of specificity in statutory language that finds no support in our canons of statutory interpretation.

The majority asserts that the CRSC statute only establishes who may be eligible for CRSC, not how eligible veterans' claims are settled. *Id.* at 7, 8. This is belied by the provisions of the CRSC statute itself, which provide information regarding eligibility for CRSC as well as how to calculate the "monthly amount" of CRSC owed to the veteran. But the majority similarly discounts these provisions, falling back on its demand for "clear language" authorizing the Secretary to "settle" claims. *Id.* at 8.

The majority's decision today is contrary to both the common meaning of "settling" a "claim" against the government and to the CRSC statute itself. The majority opinion reviews select language from unrelated statutes and relies on that language to redefine these terms and legislate its preferences. And in rendering this decision, the majority denies benefits to a highly-deserving class of veterans

seeking compensation granted by statute for combat-related injuries incurred in service to this country.

I would affirm the decision of the district court concluding that the Barring Act's six-year statute of limitations does not apply to the CRSC statute and its judgment holding the government liable to Mr. Soto and the class for additional CRSC. I respectfully dissent.